# EXHIBIT A:
## PARTIES' JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,571,817

| CLAIM 1 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 1. A method of treating androgenic alopecia | The parties agree that the claim language should be given its ordinary meaning, which is "a method of treating baldness". No reason for the Court to construe at this time.* |
| which comprises | The parties agree that the claim language should be given its ordinary meaning, which is "including". No reason for the Court to construe at this time.* |
| orally administering | The parties agree that the claim language should be given its ordinary meaning, which is "administering by mouth". No reason for the Court to construe at this time.* |
| to a human in need of such treatment | The parties agree that the claim language should be given its ordinary meaning, which is "to a human in need of a treatment for baldness". No reason for the Court to construe at this time.* |
| a therapeutically effective amount of | The parties agree that the claim language should be given its ordinary meaning, which is "an amount effective to treat baldness". No reason for the Court to construe at this time.* |
| 17β-(N-tert-butylcarbamoyl)-4-aza-5α-androst-1-en-3-one. | The parties agree that the claim language means the chemical compound finasteride. No reason for the Court to construe at this time.* |

# EXHIBIT A:
## PARTIES' JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,571,817

| CLAIM 2 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 2. The method of claim 1 wherein the androgenic alopecia is male pattern alopecia. | The parties agree that the claim language means that the baldness being treated is common male baldness. No reason for the Court to construe at this time.* |

---

\*    Merck points out that defendants, to date, have not asserted any non-infringement or invalidity defense that depends on the construction of this claim language.

DRL points out that all the claim elements are found in, or are obvious variants of, the prior art and that apart from the filing of the ANDA, which is the technical act of infringement, plaintiffs, to date, have not provided proof of infringement of any of the claim elements.

**EXHIBIT B:**
**PARTIES' REVISED JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,547,957**

| CLAIM 1 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 1. A method of treating male pattern baldness | The parties agree that the claim language should be given its ordinary meaning, which is "a method of treating common male baldness". No reason for the Court to construe at this time.* |
| comprising | The parties agree that the claim language should be given its ordinary meaning, which is "including". No reason for the Court to construe at this time.* |
| orally administering | The parties agree that the claim language should be given its ordinary meaning, which is "administering by mouth". No reason for the Court to construe at this time.* |
| to a male person having a balding area | The parties agree that the claim language should be given its ordinary meaning, which is "to a male person having a balding area caused by common male baldness". No reason for the Court to construe at this time.* |
| 17β-(N-tert-butylcarbamoyl)-4-aza-5α-androst-1-ene-3-one | The parties agree that the claim language means the chemical compound finasteride. No reason for the Court to construe at this time.* |
| in a dosage amount from 0.05 to 3.0 mgs/day | The parties agree that the claim language should be given its ordinary meaning, which is "in a dosage amount within the range of from 0.05 to 3.0 milligrams per day". No reason for the Court to construe at this time.* |

**EXHIBIT B:**
**PARTIES' REVISED JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,547,957**

| CLAIM 1 | MERCK'S PROPOSED CONSTRUCTION AND CITATION TO INTRINSIC EVIDENCE | DR. REDDY'S PROPOSED CONSTRUCTION AND CITATION TO INTRINSIC EVIDENCE |
|---|---|---|
| at least until growth of hair can be detected in the balding area by haircount analysis of the balding area. | This claim language means at least until growth of hair can be detected in the balding area by visually assessing the change in appearance of the balding area.<br><br>See the '957 patent at col. 7, ln. 55-col. 8, ln. 63 (including the reference to Olsen, E.A. and DeLong, E., *J. American Academy of Dermatology*, Vol. 23, p. 470 (1990) cited at col. 8, ln. 30-32); and the '957 patent prosecution history (specifically, the Office Action mailed on December 8, 1994; the Amendment dated May 1, 1995; the Declaration of Keith Kaufman dated May 3, 1995; the Office Action mailed on August 14, 1995; the Amendment Under 37 C.F.R. § 1.116 dated November 13, 1995; the Declaration of Keith Kaufman dated November 13, 1995; the Advisory Action mailed on December 7, 1995; the Amendment under 37 C.F.R. § 1.116 dated December 22, 1995; and the Notice of Allowability mailed on February 22, 1996). | This claim language means at least until growth of hair can be detected by an objective haircount analysis utilizing photography to detect hair growth.<br><br>See '957 patent, Example 4; the Office Action mailed on December 8, 1994; the Amendment dated May 1, 1995; the Declaration of Keith Kaufman dated May 3, 1995; the Office Action mailed on August 14, 1995; the Amendment Under 37 C.F.R. § 1.116 dated November 13, 1995; the Declaration of Keith Kaufman dated November 13, 1995; the Advisory Action mailed on December 7, 1995; the Amendment under 37 C.F.R. § 1.116 dated December 22, 1995; and the Notice of Allowability mailed on February 22, 1996. |

- 2 -

# EXHIBIT B:
## PARTIES' REVISED JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,547,957

| CLAIM 2 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 2. The method of claim 1 wherein the dosage amount is from about 0.05 to 1.0 mg/day. | The parties agree that the claim language should be given its ordinary meaning, which is "the dosage amount is within the range of from approximately 0.05 to approximately 1.0 milligram per day". No reason for the Court to construe at this time.* |

| CLAIM 3 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 3. The method of claim 1 wherein the dosage amount is about 0.05 mg/day. | The parties agree that the claim language should be given its ordinary meaning, which is "the dosage amount is approximately 0.05 milligram per day". No reason for the Court to construe at this time.* |

- 3 -

**EXHIBIT B:**
**PARTIES' REVISED JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,547,957**

| CLAIM 4 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 4. The method of claim 1 wherein the dosage amount is about 0.2 mgs/day. | The parties agree that the claim language should be given its ordinary meaning, which is "the dosage amount is approximately 0.2 milligram per day". No reason for the Court to construe at this time.* |

| CLAIM 5 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 5. A method of arresting and reversing male pattern baldness | The parties agree that the claim language should be given its ordinary meaning, which is "a method of stopping the progression of common male baldness and growing hair". No reason for the Court to construe at this time.* |
| comprising | The parties agree that the claim language should be given its ordinary meaning, which is "including". No reason for the Court to construe at this time.* |
| orally administering | The parties agree that the claim language should be given its ordinary meaning, which is "administering by mouth". No reason for the Court to construe at this time.* |

- 4 -

**EXHIBIT B:**
**PARTIES' REVISED JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,547,957**

| CLAIM 5 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| to a bald or balding male person having a balding area | The parties agree that the claim language should be given its ordinary meaning, which is "to a bald or balding male person having a balding area caused by common male baldness". No reason for the Court to construe at this time.* |
| 17β-(N-tert-butylcarbamoyl)-4-aza-2α[sic]-androst-1-ene-3-one | The parties agree that the claim language means the chemical compound finasteride. No reason for the Court to construe at this time.* |
| in a dosage amount from 0.05 to 3.0 mgs/day | The parties agree that the claim language should be given its ordinary meaning, which is "in a dosage amount within the range of from 0.05 to 3.0 milligrams per day". No reason for the Court to construe at this time.* |

- 5 -

**EXHIBIT B:**
**PARTIES' REVISED JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,547,957**

| CLAIM 5 | MERCK'S PROPOSED CONSTRUCTION AND CITATION TO INTRINSIC EVIDENCE | DR. REDDY'S PROPOSED CONSTRUCTION AND CITATION TO INTRINSIC EVIDENCE |
|---|---|---|
| at least until growth of hair can be detected in the balding or [sic] area by haircount analysis of the balding area. | This claim language means at least until growth of hair can be detected in the balding area by visually assessing the change in appearance of the balding area.<br><br>*See* the '957 patent at col. 7, ln. 55-col. 8, ln. 63 (including the reference to Olsen, E.A. and DeLong, E., *J. American Academy of Dermatology*, Vol. 23, p. 470 (1990) cited at col. 8, ln. 30-32); and the '957 patent prosecution history (specifically, the Office Action mailed on December 8, 1994; the Amendment dated May 1, 1995; the Declaration of Keith Kaufman dated May 3, 1995; the Office Action mailed on August 14, 1995; the Amendment Under 37 C.F.R. § 1.116 dated November 13, 1995; the Declaration of Keith Kaufman dated November 13, 1995; the Advisory Action mailed on December 7, 1995; the Amendment under 37 C.F.R. § 1.116 dated December 22, 1995; and the Notice of Allowability mailed on February 22, 1996). | This claim language means at least until growth of hair can be detected by an objective haircount analysis utilizing photography to detect hair growth.<br><br>*See* '957 patent, Example 4; the Office Action mailed on December 8, 1994; the Amendment dated May 1, 1995; the Declaration of Keith Kaufman dated May 3, 1995; the Office Action mailed on August 14, 1995; the Amendment Under 37 C.F.R. § 1.116 dated November 13, 1995; the Declaration of Keith Kaufman dated November 13, 1995; the Advisory Action mailed on December 7, 1995; the Amendment under 37 C.F.R. § 1.116 dated December 22, 1995; and the Notice of Allowability mailed on February 22, 1996. |

# EXHIBIT B:
## PARTIES' REVISED JOINT CLAIM CONSTRUCTION CHART FOR U.S. PATENT NO. 5,547,957

| CLAIM 6 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 6. The method of claim 1 wherein the dosage amount is about 1.0 mg/day. | The parties agree that the claim language should be given its ordinary meaning, which is "the dosage amount is approximately 1.0 milligram per day". No reason for the Court to construe at this time.* |

| CLAIM 7 | THE PARTIES' JOINT PROPOSED CONSTRUCTION |
|---|---|
| 7. The method of claim 5 wherein the dosage amount is about 1.0 mg/day. | The parties agree that the claim language should be given its ordinary meaning, which is "the dosage amount is approximately 1.0 milligram per day". No reason for the Court to construe at this time.* |

---

\*   Merck points out that defendants, to date, have not asserted any non-infringement or invalidity defense that depends on the construction of this claim language.

DRL points out that all the claim elements are found in, or are obvious variants of, the prior art and that apart from the filing of the ANDA, which is the technical act of infringement, plaintiffs, to date, have not provided proof of infringement of any of the claim elements.