IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-1313 (GMS) |
| | ) | |
| DR. REDDY'S LABORATORIES, LTD. | ) | |
| AND DR. REDDY'S LABORATORIES, | ) | |
| INC., | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaim Plaintiffs. | ) | |

## **ORDER**

1. The court is scheduled to conduct a *Markman* hearing in the above-captioned action on Friday, October 7, 2005, at 10:00 a.m. At present, the only disputed phrase is "at least until growth of hair can be detected in the balding area by haircount analysis of the balding area" in claims 1 and 5 of U.S. Patent No. 5,547,957. The court is interested in the parties' answers to the following questions:

2. Is the plaintiff's proposed construction of the disputed phrase broader than, narrower than, or co-extensive with the phrase itself? In other words, do the set of instances where growth can be detected by means of any given visual assessment constitute a subset of the set of instances where growth can be detected by haircount analysis? Is the opposite true? Is either true? In a related sense, would it be correct to deduce that haircount analysis is so precise that detection by any other visual-assessment method necessarily implies that growth can also be detected by haircount analysis?

3. Is the defendants' proposed construction, having the qualifier "utilizing photography," unduly narrow given the warning in *Phillips* against importing limitations from the

        specification into the claim language?

4. Is it a contradiction for the defendants to first argue in their opening brief that the "global photographic procedure" described in Example 4 of the patent is an objective haircount analysis (D.I. 33 at 10), and to later argue in their answering brief that "global photography" is a subjective analysis (D.I. 39 at 5)? If so, which assertion is correct?

5. Was the reason Merck submitted the second Kaufman Declaration during prosecution to demonstrate statistical significance, or was it to clarify the allegedly "prophetic and speculative" nature of Example 4? How does the answer to that question impact the resolution of this dispute?

6. Is it a logical consequence of the defendants' "can be" vs. "must be" argument (D.I. 39 at 11) that an otherwise infringing compound is non-infringing as long as it does not work (or has not yet worked)? How does the answer to that question impact the resolution of this dispute?

7. Could this dispute be properly resolved under the doctrines of either argument-based estoppel or amendment-based estoppel in the context of a motion *in limine*?

IT IS HEREBY ORDERED THAT:

        The parties dedicate a sufficient portion of their respective presentations at the *Markman* hearing to adequately address the inquiries posed by the court.

Dated: September 26, 2005                          /s/ Gregory M. Sleet
                                                                                  UNITED STATES DISTRICT JUDGE