

1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
302 984-6000

www.potteranderson.com

**Richard L. Horwitz**
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

October 21, 2005

**VIA ELECTRONIC FILING**

The Honorable Gregory M. Sleet
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE  19801

      Re:    **Merck & Co., Inc. v. Dr. Reddy's Laboratories, Ltd., et al.**
              **C. A. No. 04-1313 (GMS)**

Dear Judge Sleet:

      Pursuant to the Court's Scheduling Order, defendants/counterclaim plaintiffs Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "Reddy") hereby submit their letter brief in support of their request for permission to move for summary judgment of invalidity on U.S. Patent Nos. 5,571,817 ("the '817 patent") and 5,547,957 ("the '957 patent").  In particular, Reddy respectfully submits that the '817 patent is invalid as anticipated under 35 U.S.C. § 102(b) in view of European Patent Application Publication No. 0 155 096 ("the EP '096 publication").  Additionally, Reddy contends that the '957 patent would be invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2 if the claims are construed to cover the detection of hair growth through methods based on subjective impressions of visual appearance.  Summary judgment will at the very least simplify, if not dispose of, this case.

      As set forth more fully below, Reddy contends that the claims of the '817 patent, which are directed to a method of treating androgenic alopecia (male pattern baldness) by the oral administration of finasteride, are anticipated by Merck's prior European Patent Publication, EP '096, which published on September 18, 1985.  The '817 patent claims priority to U.S. Application Serial No. 06/584,062 ("the '062 application"), which was filed on February 27, 1984.  The '062 application nowhere describes the treatment of baldness with finasteride by any means, much less orally.  Accordingly, as a matter of law, the '062 application does not support the claims of the '817 patent as issued and, therefore, Merck is not entitled to claim priority back to the February 27, 1984 filing date of the '062 application.

      The very first application in the '817 patent chain that discloses any method of treating baldness was filed April 3, 1987 (U.S. Application Serial No. 07/034,806 ("the '806 application")).  Therefore, the EP '096 publication is prior art under 35 U.S.C. § 102(b) since it was published more than one year before the first Merck patent application that describes a method of treating baldness with finasteride.  The EP '096 publication anticipates the '817 patent because it discloses each and every element of the claims of the '817 patent and, therefore, renders the '817 patent invalid.

The Honorable Gregory M. Sleet
October 21, 2005
Page 2

Summary judgment that the '817 patent is invalid for anticipation is warranted because there are no bona fide issues of material fact. Fed. R. Civ. P. 56(c); *University of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 919 (Fed. Cir. 2004). All the relevant facts upon which the motion would be based are found on the face of the several Merck patent applications as well as the prosecution history of the '817 patent. All of these documents speak for themselves, and no testimony is required to understand what they say. *Rochester*, 358 F.3d at 927; *see also Amhil Enterprises Ltd. v. Wawa, Inc.*, 81 F.3d 1554, 1557-58 (Fed. Cir. 1996).

As explained during the October 7, 2005 hearing and in Reddy's briefing on the claim construction issue, Reddy contends that if the claims of the '957 patent are construed to cover subjective methods of measuring hair growth, either via claim construction or by virtue of the doctrine of equivalents, then the '957 patent is invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2. *See Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342 (Fed. Cir. 2005). Summary judgment that a patent is indefinite is appropriate where the claim construction of the patent does not provide "[s]ome objective standard … in order to allow the public to determine the scope of the claimed invention." *Id.* at 1350.

A.  **The '817 Patent**

The '817 patent (attached as Exh. A hereto) claims a method for treating baldness "which comprises orally administering to a human in need of such treatment a therapeutically effective amount of [finasteride]."

The specification of the '062 application (excerpts attached as Exh. B hereto), from which the '817 patent claims priority on its face, discloses:

> a method of treating the hyperandrogenic conditions of **acne vulgaris**, **seborrhea**, and **female hirsutism** by **topical administration**, and a method of treating all of the above conditions as well as **benign prostatic hypertrophy**, by parenteral administration, of the novel compounds of the present invention. (emphasis added)

(Exh. B, p. 10, lines 7-13, *see also* p. 11, lines 23-28).

There is no description of using finasteride to treat baldness by any route of administration in the '062 application, and particularly not by oral administration. The only mention of baldness is in the background discussion of conditions caused by hyperandrogenic stimulation:

> It is well known that certain undesirable physiological manifestations, such as acne vulgaris, seborrhea, female hirsutism, and male pattern baldness and benign prostatic hypertrophy, are the result of hyperandrogenic stimulation caused by an excessive accumulation of testosterone or similar androgenic hormones in the metabolic system.

(Exh. B, p. 1, lines 12-18).

Merck introduced the concept of treating baldness with finasteride later in the chain of patent applications. The very first mention of treating baldness was in the '806 application (excerpts attached as Exh. C hereto), filed on April 3, 1987. In particular, in the '806 application, the applicants amended the specification:

> a method of treating the hyperandrogenic conditions of **androgenic alopecia, including male pattern alopecia,** acne vulgaris, seborrhea, and female hirsutism **by topical administration**, and a method of treating all of the above conditions as well as benign prostatic hypertrophy, by **systemic** administration, of the novel compounds of the present invention. (emphasis added and amended language underlined)

(Exh. C, p. 11, lines 7-14, *see also* p. 12, lines 26-32).

**B.   The EP '096 Reference**

The disclosure in the EP '096 publication (excerpts attached as Exh. D hereto) corresponds to that in the '062 application.

**C.   The '817 Patent Is Anticipated By The EP '096 Publication**

   *1.   The EP '096 Publication Is § 102(b) Prior Art Because The '817 Patent Is Not Entitled To A Priority Date Earlier Than April 3, 1987*

The specification of a patent must "contain a written description of the invention." 35 U.S.C. § 112, ¶ 1. The function of this requirement is to ensure that the inventor had possession, as of the filing date of the application relied on, of the specific subject matter later claimed. *Rochester*, 358 F.3d at 926. While the "claimed subject matter 'need not be described *in haec verba*' in the specification to satisfy the written description requirement," the specification must set forth enough detail to allow a person of ordinary skill in the art to understand what is claimed and to recognize that the inventor invented what is claimed. *Id.* at 922-23.

Although the '817 patent claims the treatment of male pattern alopecia through oral administration of finasteride, the '062 application contains absolutely no mention of male pattern alopecia as a condition to be treated. Summary judgment is warranted because it is clear that the disclosure of the '062 application does not provide a written description of the material claimed in the '817 patent. *Id.* at 927 (patent may "be held invalid for failure to meet the written description requirement based solely on the language of the patent specification"). Accordingly, the '817 patent is not entitled to the February 27, 1984 filing date of the '062 application.

   *2.   The '817 Patent Is Anticipated By The EP '096 Publication*

While the EP '096 publication does not literally describe the method of treating baldness by orally administering finasteride later claimed in the '817 patent, it does disclose each element

The Honorable Gregory M. Sleet
October 21, 2005
Page 4

of the claims -- administering finasteride orally and treating symptoms of hyperandrogenic stimulation, of which baldness is one. An invention is not patentable if it was "described in a printed publication in this or a foreign country … more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). A prior art reference anticipates if it discloses each and every element of the claimed invention. *Minnesota Mining & Manufacturing Co. v. Johnson & Johnson Orthopaedics, Inc.*, 976 F.2d 1559 (Fed. Cir. 1992).

While the disclosure in a prior art reference must be enabling in order to anticipate, the standard for "what constitutes proper enablement of a prior art reference for purposes of anticipation under section 102, however, differs from the enablement standard under section 112." *Rasmusson v. Smithkline Beecham Corp.*, 413 F.3d 1318, 1325 (Fed. Cir. 2005) (*Rasmusson* involved the same drug, finasteride, at issue in this case). Both the claimed and unclaimed disclosures in a prior art patent are presumed to be enabled. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1355 (Fed. Cir. 2003). Anticipation does not require actual performance of suggestions in a disclosure, but instead only requires that those suggestions be enabled to one of skill in the art. *Novo Nordisk Pharmaceuticals, Inc. v. Bio-Technology General Corp.*, 04-1581, *slip op.* at 13 (Fed. Cir. Oct. 5, 2005) (Exh. E hereto).

Section 112 provides that the specification must enable one skilled in the art to use the invention, while § 102 does not impose such a requirement as to an anticipatory disclosure. *Rasmusson*, 413 F.3d at 1322-25. Under the latter standard,

> a disclosure lacking a teaching of how to use a fully disclosed compound for a specific, substantial utility or of how to use for such purpose a compound produced by a fully disclosed process is, under the present state of the law, entirely adequate to anticipate a claim to either the product or the process and, at the same time, entirely inadequate to support the allowance of such a claim.

*In re Hafner*, 410 F.2d 1403, 1405 (C.C.P.A. 1969).

The EP '096 publication discloses the need for treatment of hyperandrogenic conditions, including benign prostatic hypertrophy and male pattern alopecia, and the oral administration of finasteride for the treatment of benign prostatic hypertrophy. Therefore, the EP '096 publication discloses the elements of oral administration of finasteride and treatment of male pattern alopecia, *i.e.*, each and every element of the '817 patent claims. During the prosecution of the '817 patent applications, Merck effectively admitted that the EP '096 publication is enabled as an anticipatory reference, stating that:

> EPO 0 155 096 teaches the topical, oral and parenteral administration of [the compounds disclosed in the '817 patent] which are the routes of administration for male pattern baldness therapy. Furthermore, the reference discloses the compounds having the inherent properties later discovered as anti-male pattern baldness agents.

(See excerpts attached at Exh. F hereto, p. 12).

The Honorable Gregory M. Sleet
October 21, 2005
Page 5

      Reddy should be permitted to move for summary judgment of invalidity of the '817 patent on grounds of anticipation as there are no bona fide issues of fact requiring trial.

**D.**     **The '957 Patent Claims, As Construed By Merck, Are Invalid As Indefinite**

      In the event that the Court adopts Merck's proposed subjective claim construction with respect to the limitation "at least until growth of hair can be detected in the balding area by haircount analysis of the balding area", or if the Court adopts Reddy's proposed claim construction and Merck contends that the range of equivalents includes subjective methods of measuring hair growth, Reddy respectfully submits that the '957 patent is invalid as indefinite under 35 U.S.C. § 112, ¶ 2. *See Datamize, supra*. This, too, is an issue that should be resolved through summary judgment.

                                                                                            Respectfully,

                                                                                         */s/ Richard L. Horwitz*

                                                                                         Richard L. Horwitz

cc:     Clerk of the Court (via hand delivery)
        All Counsel of Record