# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
302 658 9200
302 658 3989 Fax

Mary B. Graham
(302) 351-9287
mgraham@mnat.com

November 2, 2005

## BY ELECTRONIC FILING AND HAND DELIVERY

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, Delaware 19801

> Re:   Merck & Co., Inc. v. Dr. Reddy's Laboratories, Ltd., et al.,
>       Civil Action No. 04-1313-GMS

Dear Judge Sleet:

We represent plaintiff Merck & Co., Inc. ("Merck") in the above matter. We write in response to the October 21, 2005 letter from defendants' counsel seeking permission to move for summary judgment of invalidity of both of the Merck '817 and '957 patents in suit (Exhs. A and B attached, respectively). Merck respectfully submits that defendants' request should be denied.

With respect to the '817 patent, genuine issues of material fact exist that would require denial of defendants' proposed summary judgment motion.

With respect to the '957 patent, defendants' proposed motion would depend on the Court's claim construction, not yet issued. In addition, defendants' sole authority, Datamize, LLC v. Plumtree Software, Inc., 417 F. 3d 1342 (Fed. Cir. 2005), is inapposite and would not, Merck submits, justify a summary judgment of invalidity for indefiniteness. Merck further submits that, with respect to the issue of indefiniteness, it would be more efficient for the Court to address this issue at trial when it would be fully informed by the live testimony of experts, rather than on summary judgment when, at best, the Court would have only the bare conflicting declarations of opposing experts.

The Honorable Gregory M. Sleet
November 2, 2005
Page 2

**The '817 Patent**

Summary judgment must be denied where genuine issues of material fact exist. Fed. R. Civ. P. 56(c). A dispute is genuine when a reasonable jury could find for the non-movant on an issue. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). Such is the case here.

Dr. Reddy's seeks to move for summary judgment of invalidity that the '817 patent is anticipated by the EP '096 publication. The two claims of the '817 patent read as follows:

> 1. A method of treating androgenic alopecia which comprises orally administering to a human in need of such treatment a therapeutically effective amount of [finasteride].
>
> 2. The method of claim 1 wherein the androgenic alopecia is male pattern alopecia.

(Exh. A at col. 12, lines. 46-54).

As the issue is presented by defendants, those claims would not be anticipated if either of the following is true: (1) the claims of the '817 patent are entitled, pursuant to 35 U.S.C. § 120, to the February 27, 1984 filing date of Merck's '062 application, or (2) the EP '096 publication does not describe the claimed subject matter pursuant to 35 U.S.C. § 102(b). As the following discussion makes clear, at a minimum genuine issues of fact exist with respect to both points, thus mandating denial of defendants' proposed summary judgment motion.

Pursuant to 35 U.S.C. § 120, the claims of the '817 patent are entitled to the 1984 filing date of the '062 application if the subject matter of those claims is described in the earlier application in the manner required by the first paragraph of 35 U.S.C. § 112. As their position is understood, defendants assert only that the earlier '062 application fails to contain an adequate written description of the subject matter claimed in the '917 patent, allegedly because:

> There is no description of using finasteride to treat baldness by any route of administration in the '062 application, and particularly not by oral administration.

(Defendants' October 21 letter at 2). However, even defendants' authority, University of Rochester v. G.D. Searle & Co., Inc., 358 F.3d 916 (Fed. Cir. 2004), states that whether the '062

The Honorable Gregory M. Sleet
November 2, 2005
Page 3

application contains such a description is a question of fact.  Rochester, 358 F.3d at 927.[1]  That is, the issue is whether, as a question of fact, a person of ordinary skill in the art would understand the '062 application to describe the subject matter claimed in the '817 patent.  Vas-Cath Inc. v. Mahurkar, 935 F.2d 1555, 1563 (Fed. Cir. 1991).  In Vas-Cath, the Federal Circuit, reversing a grant of summary judgment for lack of written description, observed that "'[t]he test for sufficiency of support in a parent application is whether the disclosure of the application relied upon reasonably conveys to the artisan that the inventor had possession at that time of the later claimed subject matter.'" (quoting Ralston Purina Co. v. Far-Mar-Co., 772 F.2d 1570, 1575 (Fed. Cir. 1985)).

        The entire specification, including all of the originally-filed claims, of the '062 application is attached as Exhibit C.  Merck submits that a person of ordinary skill in the art would understand that the '062 application <u>does</u> describe the oral administration of finasteride to treat baldness.  In particular, the '062 application:[2]

- states that compounds of the invention (including finasteride) are useful "systemically" (which includes orally) for treating benign prostatic hypertrophy, a condition caused by hyperandrogenic stimulation.  (Exh. C at 2, lines 1-8; at 3, lines 6-18; and at 12, lines 6-26).

- states that male pattern baldness also is the result of hyperandrogenic stimulation.  (Exh. C at 3, lines 12-18).

- notes that inhibitors of testosterone-5α-reductase may serve to "prevent or lessen symptoms of hyperandrogenic stimulation." (Exh. C at 4, lines 18-21).

---

[1]    In Rochester, the Federal Circuit affirmed summary judgment of invalidity of method of treatment claims based on lack of written description.  However, in Rochester, although the patent claims purported to cover the use of <u>any</u> compound that selectively inhibited a particular enzyme, the patent specification failed to disclose a single such compound. Rochester 358 F.3d at 927-28.  Here, there is no dispute that finasteride is explicitly disclosed in the '817 patent.

[2]    For convenience, the pages of Exhibit C have been numbered in the lower-right corner of each page.

The Honorable Gregory M. Sleet
November 2, 2005
Page 4

- states that "the present invention is concerned" with "methods of inhibiting testosterone-5α-reductase and of treating hyperandrogenic conditions with the novel compounds [including finasteride] or their pharmaceutical formulations." (Exh. C at 5, lines 26-33).

- claims, in original claim 9, a method of inhibiting testosterone-5α-reductase comprising "administering" a therapeutically effective amount of a compound (including finasteride). (Exh. C at 23).

Merck submits that, taken together, these disclosures and the balance of the '062 application, would be understood by skilled persons to describe the oral administration of finasteride to treat baldness. Defendants concede as much in arguing that the EP '096 publication (full copy attached at Exhibit D), whose disclosure is similar to that of the '062 application, "does disclose…administering finasteride orally and treating symptoms of hyperandrogenic stimulation, of which baldness is one." (Defendants' October 21 letter at 3-4). In addition, written description, because of its very nature as an issue of fact that depends upon the understanding of one of ordinary skill in the art in the particular circumstances of the case, is an issue as to which a court could easily find genuine issues of material fact. Merck submits that that is the case here.

With respect to defendants' argument that the EP '096 publication anticipates the '817 patent claims, Merck notes that defendants concede that "the EP '096 publication does not literally describe the method of treating baldness by orally administering finasteride later claimed in the '817 patent…." (Defendants' October 21 letter at 3).

## The '957 Patent

Defendants' proposed motion, as understood, would depend on the outcome of claim construction. That is, <u>if</u> the Court adopts Merck's proposed claim construction or <u>if</u> the Court adopts defendants' proposed construction <u>and</u> Merck asserts infringement under the doctrine of equivalents, then defendants would assert that, under <u>Datamize</u>, the claims of the '957 patent would be indefinite for failure to set forth some objective way to assess whether hair growth has occurred.

Merck submits that, unlike the situation involved in defendants' sole authority, <u>Datamize</u>, the evidence here demonstrates that under either of the above scenarios, a person of ordinary skill in the art reasonably would understand the scope of those claims. The claims would not be indefinite.

In particular, unlike <u>Datamize</u>, the specification and prosecution history of the '957 patent, as well as the extrinsic evidence (e.g., the declarations of experts), demonstrate that hair growth reliably can be detected using any of the four assessment techniques described in the

The Honorable Gregory M. Sleet
November 2, 2005
Page 5

patent (i.e., macrophotography including an actual hair count, global photography, investigator assessment, and patient self-assessment).  Even though there are subjective elements in the latter three techniques, persons skilled in this art would understand how these techniques can be used and that each provides a reasonably reliable measure of whether hair growth has occurred.  (See Merck's Opening Claim Construction Brief, D.I. 34, at 4-11, 16-18; Merck's Answering Claim Construction Brief, D.I. 41, at 10-11).

        Moreover, although indefiniteness is a question of law for the Court, the Court should be informed by expert testimony as to whether and how a person of ordinary skill in the art understands the claims of the '957 patent.  Atmel Corp. v. Information Storage Devices, Inc., 198 F.3d 1374, 1378-79 (Fed. Cir. 1999)  ("As a general matter, it is well-established that a determination whether a claim is invalid as indefinite 'depends on whether those skilled in the art would understand the scope of the claim when the claim is read in light of the specification.'") (quoting North Am. Vaccine, Inc. v. American Cyanamid Co., 7 F.3d 1571, 1579 (Fed. Cir. 1993)) (reversing summary judgment of indefiniteness where district court failed to consider knowledge of one skilled in the art).  See also Leading Edge Tech. Corp. v. Sun Automation, Inc., 1991 WL 398682 (D. Md. 1991) (denying motion for summary judgment of indefiniteness pending cross-examination of experts at trial); Johnson Foils, Inc. v. Huyck Corp., 61 F.R.D. 405, 407 (N.D.N.Y. 1973) (same).

* * *

        For the above reasons, Merck respectfully submits that defendants' request for permission to file a summary judgment motion should be denied.

        Respectfully,

        *Mary B. Graham*

        Mary B. Graham

MBG/dam
cc:    Clerk of the Court (Via Hand)
       Richard L. Horwitz, Esquire (Via Hand)
       Bruce D. Radin, Esquire (Via Fax)

490994