IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MERCK & CO., INC., | ) |
| | ) |
|     Plaintiff and | ) |
|     Counterclaim Defendant, | ) |
| | ) |
| v. | )   C.A. No. 04-1313 (GMS) |
| | ) |
| DR. REDDY'S LABORATORIES, LTD. | ) |
| AND DR. REDDY'S LABORATORIES, | ) |
| INC., | ) |
| | ) |
|     Defendants and | ) |
|     Counterclaim Plaintiffs. | ) |

## ORDER

In the above-captioned patent action, Plaintiff Merck & Co., Inc. ("Merck") accuses Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (collectively, "Dr. Reddy's") of infringing U.S. Patent No. 5,547,957 (filed Mar. 17, 1994) and U.S. Patent No. 5,571,817 (filed July 20, 1993). Presently before the court is the issue of claim construction.

The '957 Patent, which is the only patent with disputed claim terms, describes a drug called finasteride – marketed by Merck under the name Propecia – for treating male pattern baldness. Independent claim 1, which is substantially similar to the only other independent claim (claim 5) in the '957 Patent, reads as follows:

> 1. A method of treating male pattern baldness comprising orally administering to a male person having a balding area 17$\beta$-(N-tert-butylcarbamoyl)-4-aza-5$\alpha$-androst-1-ene-3-one in a dosage amount from 0.05 to 3.0 mgs/day at least until growth of hair can be detected in the balding area by haircount analysis of the balding area.

'957 Patent, col.9 ll.5-10. The only dispute in need of resolution is the parties' disagreement over the meaning of the phrase "at least until growth of hair can be detected in the balding area by

haircount analysis of the balding area." Merck contends that the phrase means "at least until growth of hair can be detected in the balding area by visually assessing the change in appearance of the balding area." (D.I. 32, Ex. B at 2.) Dr. Reddy's, on the other hand, argues that the phrase should be construed as "at least until growth of hair can be detected by an objective haircount analysis utilizing photography to detect hair growth." (Id.)

As originally submitted, the independent claims did not contain the disputed clause (or any other clause specifying a particular hair-growth detection procedure). (D.I. 35, Ex. E at 15-18.) Accordingly, they were sufficiently broad to encompass both detection procedures described in the patent specification: (1) the macrophotographic procedure, and (2) the global photographic procedure. '957 patent, col.7 l.55-col.8 l.62. The macrophotographic procedure involves periodically photographing the patient's head and counting the number of individual hairs visible in the various photographs. If the finasteride works, the number of hairs counted should increase (or at least decrease at a more fashionably-acceptable rate) with each subsequent photograph. The global photographic procedure also involves periodically photographing the patient's head, but individual hairs are not actually counted. Rather, this procedure judges hair growth or loss by the "global area's appearance."

In response to a rejection during prosecution, Merck chose to amend its independent claims to include the "haircount analysis" limitation. As a result, the literal scope of the claims no longer encompasses procedures in which individual hairs are not actually counted, including the global photographic procedure. Thus, Merck's proposed construction, which *does* have a literal scope

broad enough to encompass such procedures, must be rejected.[1]

Nevertheless, the court does not completely agree with Dr. Reddy's position either. Their proposed construction modifies "haircount analysis" to become "objective haircount analysis," and further restricts the claims to objective haircount procedures that utilize photography. As to the "objective"language, the court believes such a modification is appropriate since the only haircount procedure described in the specification (i.e., the macrophotographic procedure) is clearly objective in nature. However, the court does not agree that the claims should be restricted to only those haircount procedures that utilize photography because Abbott was careful to point out in the specification that the examples described therein "are not to be considered as limiting the invention set forth in the claims." '957 Patent, col.6 ll.10-11.

Therefore, IT IS HEREBY ORDERED THAT the phrase "at least until growth of hair can be detected in the balding area by haircount analysis of the balding area" in claims 1 and 5 of the '957 Patent be construed as "at least until growth of hair can be detected in the balding area by an objective haircount analysis of the balding area."

Dated: November 4, 2005



UNITED STATES DISTRICT JUDGE

FILED

NOV 4 2005

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

---

[1]Unless Dr. Reddy's successfully persuades the court that prosecution history estoppel applies, any evidence tending to demonstrate that non-haircount procedures meet the limitations of the claims through the doctrine of equivalents would be more appropriately presented at trial through expert testimony.